UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA        :       CASE NO. 4:12-CR-00051
:
        Plaintiff,              :
:
  v.                               :       ORDER
:       [Resolving Doc. 159]
JOHN BOWERS,                    :
:
        Defendant.              :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      On June 26, 2012, Defendant John Bowers was sentenced to 50 months' imprisonment for conspiring to distribute less than 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(c) and 846 with a § 851 enhancement.[1] Bowers has now filed a motion for credit against his sentence for time he says he spent in federal custody surrounding the resolution of the federal charges against him.[2] The government opposes Bowers's motion.[3] As described below, Bowers's motion is not properly before the Court, and the Court therefore **DENIES** it.

      In February 2012, when Defendant Bowers was indicted in this federal case, he was serving an unrelated two year state sentence.[4] Also in February 2012, the United States sought, and the Court granted, a writ of habeas corpus ad prosequendum.[5] On June 26, 2012, the Court sentenced Bowers to 50 months' imprisonment along with a term of supervised release and a special

---

[1] Doc. 132. The sentence also included a term of supervised release and a special assessment. *Id.*
[2] Doc. 159.
[3] Doc. 161.
[4] Docs. 159 at 1, 161 at 2 n.1.
[5] Docs. 8, 20.

Case No. 4:12-CR-00051
Gwin, J.

assessment.[6/]

After his sentencing hearing, Bowers was returned to state custody.[7/] In December 2013, Bowers completed his state sentence and was transferred back to federal custody.[8/] Bowers claims that he is entitled to credit against his federal sentence for the several month period when he was in federal custody pursuant to the writ of habeas corpus ad prosequendum.

Under 18 U.S.C. § 3585(b)(2), a defendant is entitled to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."[9/]

The government suggests that Bowers is not entitled to credit against his federal sentence for the time period in question because the state counted this period towards his state sentence.[10/] But as the government also points out, that determination is not initially for the Court to make. Rather, whether a defendant is entitled to credit against a federal sentence for time served is first determined by the Bureau of Prisons.[11/] In this case, the Bureau has determined that Bowers is not entitled to credit for the months in question.[12/]

---

[6/]Doc. 132.
[7/]Doc. 161 at 2-3. The government does not say when specifically after the hearing Bowers was returned to state custody, while Bowers himself says that his return occurred in July 2012. Doc. 159 at 2.
[8/]Docs. 159 at 2, 161 at 2-3 & n.2.
[9/]18 U.S.C. § 3585(b)(2).
[10/]Doc. 161 at 4-5.
[11/]*United States v. Wilson*, 503 U.S. 329, 335 (1992).
[12/]*See* Doc. 159 at 2.

Case No. 4:12-CR-00051
Gwin, J.

Prisoners who are dissatisfied with the Bureau's calculation may administratively appeal.[13] After doing so, but only after doing so, they may seek review of the Bureau's determination in federal district court.[14] The proper mechanism for a prisoner to obtain judicial review after exhausting his administrative remedies is to petition for a writ of habeas corpus challenging the execution of his sentence under 28 U.S.C. § 2241.[15] Unlike challenges to the validity of convictions under 28 U.S.C. § 2255, which must be brought in the sentencing court,[16] challenges under § 2241 must be brought in the district where the prisoner is confined.[17]

Here, there is no indication that Bowers has exhausted his administrative remedies. Moreover, once he has, the proper court for a § 2241 petition would be the district court in the Pennsylvania district that contains FCI Allenwood, where Bowers is incarcerated.[18]

For the above reasons, the Court **DENIES** Bowers's motion.

IT IS SO ORDERED


Dated: November 5, 2014                          s/         *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[13] *See* 28 C.F.R. §§ 542.10-542.18.
[14] *United States v. Oglesby*, 52 F. App'x 712, 714 (6th Cir. 2002).
[15] *Id*; *see* 28 U.S.C. § 2241.
[16] 28 U.S.C. § 2255.
[17] *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.") (citations omitted).
[18] *See* Doc. 161 at 4.